UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARA N. GRANADOS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:14-CV-0195-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 13, 18. Attorney Lora Lee Stover represents Sara N. Granados (Plaintiff); Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income (SSI) on December 15, 2010, alleging disability since March 31, 2007, due to diabetes, high cholesterol, high blood pressure, macular edema and mental disorders. Tr. 291. The applications were

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

denied initially and upon reconsideration. Administrative Law Judge (ALJ) R. J. Payne held a hearing on March 20, 2013, Tr. 48-97, and issued an unfavorable decision on April 4, 2013, Tr. 24-40. The Appeals Council denied review on May 23, 2014. Tr. 1-6. The ALJ's April 2013 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 17, 2014. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born in El Salvador on January 25, 1960, and was 47 years old on the March 31, 2007, alleged onset date. Tr. 287. Plaintiff graduated from high school in the United States and last worked in June 2008. Tr. 75, 291-292. Plaintiff reported she stopped working when her documents were stolen, and she has not worked since that time. Tr. 291. As noted above, Plaintiff alleges disability due to diabetes, high cholesterol, high blood pressure, macular edema and mental disorders. Tr. 291. Plaintiff's function report indicates "mental disorder, medication and [poor] vision" limit her ability to work. Tr. 298. At the administrative hearing, Plaintiff testified she has emotional problems and is depressed. Tr. 76. She also described her main physical problem as right shoulder pain. Tr. 81, 90.

Alexander B. White, M.D., an internal medicine physician, testified as a medical expert at the administrative hearing. Tr. 52-60. He stated Plaintiff has type 2 diabetes and a history of back aches, problems with her left shoulder, a right clavicle fracture, and a left knee patella fracture. Tr. 53-56. He also noted the record reflected Plaintiff had macular edema and depression. Tr. 56.

Margaret Moore, Ph.D., also testified as a medical expert at the administrative hearing. Tr. 60-72. Dr. Moore indicated that in 2010 Plaintiff's

perceived limitations and complaints were very minimal and then "we start to see a much more significant complaint and sometimes surprisingly so." Tr. 61. Dr. Moore stated the record was not clear as to why that happened, but noted "a number of indicators that there may well be some symptom exaggeration . . . and some less than ideal effort presented for these various evaluations." Tr. 61. Dr. Moore testified the record reflected Plaintiff was very organized, well prepared with her documents and working toward some reasonable goals in 2010, but then a change occurred and Plaintiff adopted "a disability mindset" with a stated goal of receiving SSI. Tr. 62.

Dr. Moore also discussed the psychotic features noted in the record. Tr. 62-63. Dr. Moore mentioned the possibility of cultural issues at play and opined that the record did not reflect psychosis. Tr. 63. She testified that Plaintiff had a "somewhat dependent personality style with some mixed depression and anxiety, and . . . some motivational issues." Tr. 64. Dr. Moore opined that Plaintiff, if motivated, would be able to maintain full-time work on a regular and continuous basis in a competitive work environment. Tr. 67.

Dr. Moore further commented about the potential effect of Plaintiff's language skills on her examination test scores in the record. Tr. 69-70. She indicated that while English is not Plaintiff's first language, the records dating back to 1996 reflect that Plaintiff finished school, has been in the United States for a long time, and has been able to negotiate the community. Tr. 69. It appears Dr. Moore found the reliability of Plaintiff's psychological examinations was not undermined by her English language abilities. Tr. 69-71.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of*

*Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

On April 4, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 31, 2007, the alleged onset date.  Tr. 26.  At step two, the ALJ determined Plaintiff had the following severe impairments:  diabetes mellitus, type 2; right shoulder osteoarthritis of the acromioclavicular (AC) joint; status post left knee patella fracture; mild macular edema; depression, not otherwise specified (NOS); adjustment disorder; dysthymic disorder; and personality disorder, NOS.  Tr. 26.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 27.

The ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a range of light exertion level work (lift and carry 20 pounds occasionally and 10 pounds frequently and stand and/or walk and sit for 6 hours total in an 8-hour workday), except that she can only frequently climb ramps or stairs; she can never climb ladders, ropes, or scaffolds; she can only occasionally crawl and reach overhead with the right shoulder; her near acuity, far acuity, depth perception, accommodation, color vision and field of vision bilaterally is limited to frequent; she must avoid concentrated exposure to extreme heat, extreme cold, humidity, and hazards (machinery, heights, etc.); and she is mildly to moderately limited in working in coordination with or proximity to others without being distracted by them, in responding appropriately to changes in the work setting, and in setting realistic goals or making plans independently of others.  Tr. 29.  Given this RFC, the ALJ concluded at step four that Plaintiff was able to perform her past relevant work as an apartment manager as the job was

actually performed.  Tr. 40.  Accordingly, the ALJ found Plaintiff was not under a disability from March 31, 2007, the alleged onset date, through the date of the ALJ's decision, April 4, 2013.  Tr. 40.

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff's opening brief mentions the following three issues for review: (1) the ALJ erred in assessing Plaintiff's RFC; (2) the ALJ erred in finding Plaintiff was capable of performing past work as an apartment manager; and (3) the evidence of record does not support the decision that Plaintiff is not disabled.  ECF No. 13 at 8.  However, the three-page argument section of Plaintiff's opening brief fails to specifically address how the ALJ erred in assessing Plaintiff's RFC (issue 1) or how the weight of the evidence of record fails to support the ALJ's ultimate disability determination (issue 3).  ECF No. 13 at 10-12.  Plaintiff's only supported argument in her opening brief is her assertion that the ALJ's RFC assessment is incompatible with the capacities required of an individual to perform work as an apartment manager.  ECF No. 13 at 10-12; *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.  We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." (citations omitted)); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 (9th Cir. 2010) (refusing to address claims that were only "argue[d] in passing"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("issues not argued with specificity in briefing will not be addressed").

The only issue argued with specificity in Plaintiff's opening brief is the assertion that the ALJ erred at step four of the sequential evaluation process because the RFC assessment by the ALJ was incompatible with the capacities

required of an individual to be employed as an apartment manager. ECF No. 13 at 10. This challenge of the ALJ's step four determination is the only issue properly before the Court in this case.

# DISCUSSION

## A. Residual Functional Capacity Determination

As indicated above, the ALJ found that Plaintiff retained the residual functional capacity to perform light exertion level work with certain restrictions. Tr. 29. Residual functional capacity is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base his RFC determination on the entire record, including medical records, physicians' opinions, and the claimant's description of her limitations.

### 1. Plaintiff's Credibility

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. Tr. 36. Plaintiff has not challenged this adverse credibility determination.[1]

The ALJ indicated the following reasons for why he found Plaintiff was not entirely credible: the weight of the evidence fails to document clinical abnormalities that could reasonably be expected to have produced symptoms or limitations consistent with Plaintiff's allegations; no doctor has stated Plaintiff could not work at the light exertion level; the record reveals medications have been

---

[1] While Plaintiff avers in one sentence of the argument section of her opening brief that the ALJ erred by "ignor[ing] the effects of pain from her physical impairments," ECF No. 13 at 11, the ALJ did not ignore evidence of Plaintiff's alleged pain, he merely found it was not credible, Tr. 39. Plaintiff does not allege that the ALJ's adverse credibility determination is erroneous.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

relatively effective in controlling Plaintiff's symptoms; there are indications Plaintiff has not been entirely compliant with recommended treatment; evidence reflects Plaintiff's exaggeration; there are many inconsistencies between Plaintiff's statements and the objective medical evidence; there is evidence of Plaintiff's motivation for secondary gain; there is evidence Plaintiff stopped working for reasons not related to her allegedly disabling conditions; Plaintiff described daily activities that are not limited to the extent one would expect given her complaints of disabling symptoms and limitations; and the objective medical findings do not support Plaintiff's allegations/self-reports of functioning.  Tr. 36-39.

The rationale provided by the ALJ for finding Plaintiff not entirely credible is fully supported by the evidence of record, and the ALJ's determination that Plaintiff's statements were not fully credible is uncontested by Plaintiff.  *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (issues not specifically and distinctly contested in a party's opening brief are considered waived).  The ALJ's finding that Plaintiff lacks credibility is a significant component of the ALJ's conclusion that she was not disabled under the Social Security Act.

### 2. Medical Evidence

Although the first sentence of the argument section of Plaintiff's opening brief asserts "the evidence from the providers and the opinions expressed by Dr. Greene, Dr. Arnold and Dr. Moore have allowed her to meet her burden at Step Four," ECF No. 13 at 10, Plaintiff does not explain how the ALJ erred with respect to his assessment of these medical professionals.  Plaintiff additionally fails to accompany this assertion with an analysis or discussion of applicable law and facts.  As previously discussed, issues not argued with specificity in an opening brief will not be addressed.  *Carmickle*, 533 F.3d at 1161 n.2.  The Court thus finds that Plaintiff has waived any argument regarding the ALJ's assessment of the medical evidence of record in this case.

In any event, the ALJ considered and addressed the evidence of record from Community Health Association of Spokane (CHAS), William Greene, Ph.D., Jason H. Jones, M.D., John Arnold, Ph.D., Brian Mitchell, M.D., Spokane Mental Health, Frontier Behavioral Health, medical expert White, and medical expert Moore; properly evaluated this evidence; and provided adequate rationale, supported by substantial evidence, for the weight accorded to each medical professional. Tr. 30-39. The Court finds the ALJ did not err in his assessment of the medical evidence of record.

The ALJ's RFC determination is supported by substantial evidence and free of error.

**B.    Step Four Determination**

Plaintiff's opening brief contests the ALJ's determination at step four of the sequential evaluation process. Plaintiff, citing the Dictionary of Occupational Titles (DOT), argues that, given her RFC, she is not capable of performing her past relevant work as an apartment manager as the position is generally performed. ECF No. 13 at 10-12.

"At Step Four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). "To determine whether a claimant has the [RFC] to perform h[er] past relevant work, the [ALJ] must ascertain the demands of the claimant's former work and then compare the demands with h[er] present capacity." *Villa v. Heckler*, 797 F.2d 794, 797-798 (9th Cir. 1986); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990). A claimant is not disabled under the Social Security Act if she can perform (1) a specific prior job as "actually performed"; or (2) the same kind of work as it is "generally performed" in the national economy. *Pinto*, 249 F.3d at 845 (citing

///

///

Social Security Ruling (SSR) 82-61[2]).  A claimant's ability to do either is sufficient to deny the claim at step four, and the ALJ is not required to address both.  *Pinto*, 249 F.3d at 845.  A claimant's testimony and/or a properly completed vocational report are appropriate sources for defining past work as actually performed.  *Pinto*, 249 F.3d at 845; SSR 82-41; SSR 82-61.

The "Work History Report" Plaintiff completed as part of her application for benefits indicated her apartment manager job consisted of supervising, renting apartments, showing apartments, reporting repairs, cleaning apartments when vacant, watering plants and vacuuming.  Tr. 314.  She indicated she was the lead worker and supervised two employees, but she was not involved with hiring and firing decisions.  Tr. 314.  The job required lifting no more than 10 pounds, standing for 6 hours, walking for 6 hours, and sitting for 2 hours.  Tr. 314.  At the administrative hearing, Plaintiff indicated her apartment manager job consisted of taking applications for apartments and showing the apartments to potential tenants.  Tr. 79-81.  She testified she would help tenant applicants by giving them applications for the apartment, which they would fill out and return to her.  Tr. 80.  She would then give the applications to the owners who were responsible for interviewing the applicants and finalizing the process.  Tr. 80.  Nothing was

---

[2]Although they do not carry the "force of law," Social Security Rulings are binding on ALJs.  *See* 20 C.F.R. § 402.35(b)(1); *Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1224 (9th Cir. 2009).  Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations."  *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted); *see also Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security Rulings).

introduced into the record to contradict Plaintiff's description of her past relevant work as an apartment manager, and the ALJ did not make any adverse findings regarding Plaintiff's description of this past work.

The ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work as an apartment manager as it was "actually performed" and concluded Plaintiff was capable of performing this past relevant work. Tr. 40. This determination is fully supported. Since the ALJ's conclusion regarding Plaintiff's previous work as "actually performed" is supported by substantial evidence in the record, the Court need not address Plaintiff's argument regarding the DOT, which relates to the determination of how a job is generally performed in the national economy.[3] *See* SSR 82-61 ("The [DOT] descriptions can be relied upon -- for jobs that are listed in the DOT -- to define the job as it is usually performed in the national economy.").

Based on the foregoing, the ALJ did not err at step four of the sequential evaluation process by finding Plaintiff, given her RFC, could perform her past relevant work as an apartment manager as she actually performed the job. *See Pinto*, 249 F.3d at 845; SSR 82-61.

C.    **Plaintiff's English Language Skills**

Without citing relevant law or facts, one sentence in the argument section of Plaintiff's opening brief asserts "the ALJ failed to address how Plaintiff's limited knowledge of the English language affects employability." ECF No. 13 at 11.

The Ninth Circuit has recognized that a person's ability to communicate must be considered when evaluating whether a claimant can perform past relevant work. *Pinto*, 249 F.3d at 846 (stating "[t]he ability to communicate is an important skill to be considered when determining what jobs are available to a claimant.

---

[3]Indeed, the ALJ did not make any conclusions regarding Plaintiff's past relevant work as generally performed in the national economy.

Illiteracy seriously impacts an individual's ability to perform work-related functions, such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision."). In *Pinto*, the Ninth Circuit declined to reach the question of whether language skills may properly be considered at step four of the disability evaluation process. *See Pinto*, 249 F.3d at 846 n.5 (citing conflicting authority). However, because the ALJ in *Pinto* acknowledged the plaintiff's illiteracy but failed to take the next step in the analysis, i.e., to actually address "the impact of [the plaintiff's] illiteracy" on her ability to perform her past relevant work, the court of appeals remanded the case for further consideration. *Id*. at 846 n.5, 847.

Unlike *Pinto*, the ALJ in this case, consistent with the evidence of record, did not find that Plaintiff was illiterate. *See, e.g., Esquivias v. Astrue*, 2012 WL 2458116, at *8 (C.D. Cal. 2012) (holding that "because the ALJ's RFC assessment of plaintiff did not include illiteracy, the ALJ was not required to consider illiteracy at step four of the disability determination." (citing *Pinto*, 249 F.3d at 847)). Dr. Moore testified at the administrative hearing that while English is not Plaintiff's first language, the records dating back to 1996 show that Plaintiff finished school, has been in the United States for a long time, and has been able to negotiate the community. Tr. 69. The ALJ noted, and the record reflects, that Plaintiff completed high school in the United States and had also passed a course for naturalization in the United States. Tr. 31-32. Although a language barrier is noted throughout the record, Dr. Greene indicated Plaintiff was able to read the PAI with minimal help which demonstrates she is able to understand and read simple instructions in English. Tr. 38-39. Moreover, at the administrative hearing, a Spanish language interpreter was available, but Plaintiff did not rely on the interpreter to translate nearly all of the questions asked and was able to respond to the questions in English. Tr. 38.

///

The ALJ did not ignore evidence regarding Plaintiff's ability to communicate in English; he merely determined the record did not support a finding that Plaintiff's English language skills had an impact on her ability to perform her past relevant work as an apartment manager as she had actually performed that job. The ALJ did not err in this regard.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED March 3, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE